32444. MEADOWS *v.* THE STATE.

GARDNER, J. The defendant was indicted for the murder of Rosemond C. (Tex.) Whitton. The defendant and the deceased were brothers-in-law. The deceased married the defendant's sister. Substantially, the evidence reveals that between two and three hours before the homicide the defendant, his mother, and his wife, were at the home of the deceased, where the mother of the deceased and the wife of the deceased were also. While at his home, the deceased and the wife of the deceased had a difficulty. The defendant and his mother intervened. Several blows were passed in the melee. Thereafter, the defendant and his mother returned to their home, leaving the deceased and the wife of the deceased at the home of the deceased. Within approximately two hours thereafter someone went to the home of the defendant and informed the defendant that the deceased was again beating the wife of the deceased—the sister of the defendant. Thereupon the defendant procured his shotgun and returned to the home of the deceased. The

wife of the deceased had escaped from him and fled from his home before the defendant arrived at the home of the deceased with his shotgun. Therefore it appears that, when the defendant arrived with his gun at the home of the deceased, the defendant's sister, the wife of the deceased, was not being attacked by the deceased. It appears from the evidence that the deceased came from his house with a fish knife and threw the knife at the defendant, who had entered the front yard of the deceased. After the knife was thus hurled at the defendant, the deceased procured a hammer with which he approached the defendant. The defendant admonished the deceased to stop. Then it was that the deceased threw the hammer at the defendant, and simultaneously or quickly thereafter the defendant shot the deceased, inflicting a wound from which the deceased died. Such, in substance, is the evidence on which the jury returned a verdict of voluntary manslaughter. The verdict was authorized either on the theory of mutual combat or voluntary manslaughter, which is generally known as the slaying of one because of passion aroused supposed to be irresistible. The assignments of error are based on the judgment overruling the motion for a new trial, which motion is based on the general grounds only. The assignments of error show no cause for reversal.

Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.

Decided May 12, 1949.

H. H. Elders, for plaintiff in error.
R. L. Dawson, Solicitor-General, contra.